**Kerry J. Shepherd, OSB #944343**
KerryShepherd@MarkowitzHerbold.com
**Paul S. Bierly, OSB #950548**
PaulBierly@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

*Attorneys for Plaintiffs 120 Clay Development, LLC and 240 Clay Development, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| 120 CLAY DEVELOPMENT, LLC, an Oregon limited liability company, and 240 CLAY DEVELOPMENT, LLC, an Oregon limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> PNC BANK, NATIONAL ASSOCIATION, a Pennsylvania corporation, <br><br> Defendant. | Case No. 3:24-cv-00848 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs 120 Clay Development, LLC ("120 Clay) and 240 Clay Development, LLC ("240 Clay") allege:

**INTRODUCTION**

1. This is an action for declaratory relief and judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiffs 120 Clay and 240 Clay (collectively, "Plaintiffs") seek a declaration of their rights and obligations as to Defendant PNC Bank, National Association

("PNC"), under certain commercial leases and related agreements, including Subordination, NonDisturbance, and Attornment Agreements (SDNAs). PNC has notified Plaintiffs that it intends to terminate the leases. Plaintiffs have notified PNC that various terms in the leases and SDNAs prohibit PNC from terminating the leases. Plaintiffs seek a declaration of the parties' rights under the governing documents.

**PARTIES**

2. Plaintiff 120 Clay is an Oregon limited liability company having its principal place of business in Portland, Oregon. 120 Clay is the owner of commercial real property referred to as **Skylight**, which is an approximately 88,000 sq. ft. commercial structure, built in 2018, located at 120 SE Clay Street, Portland, Oregon.

3. Plaintiff 240 Clay is an Oregon limited liability company having its principal place of business in Portland, Oregon. 240 Clay is the owner of commercial real property referred to as **Nova**, which is an approximately 77,000 sq. ft. commercial structure, built in 2016, located at 1615 SE Third Avenue, Portland, Oregon.

4. Upon information and belief, defendant PNC Bank, National Association is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.

**JURISDICTION AND VENUE**

5. This is a proceeding for declaratory relief pursuant to Title 28 of the United States Code, § 2201, et seq., to determine the scope of the respective rights, duties, and obligations, if any, of the Plaintiffs and Defendant under leases, SDNAs and related agreements between Plaintiffs and Defendant.

6. Jurisdiction for this proceeding is proper in the United States District Court for the District of Oregon, pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1) because the parties are

citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. Divisional venue is appropriate in the Portland division per LR 3-2.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Oregon, and the real property that is the subject of the leases and agreements in this action is situated in Oregon.

## FACTUAL BACKGROUND

### (The Leases)

8. On November 4, 2015, Simple Finance Technology Corp., ("Simple"), as tenant, and 240 Clay, as landlord, entered into the "Clay Creative Building Office Lease" for the premises located at 1615 SE Third Avenue, Portland, Oregon. The building and premises are commonly referred to as "Nova." At the time Simple and 240 Clay entered into this lease, construction of the Nova building had not yet been completed.

9. On February 29, 2016, Simple, as tenant, and 120 Clay, as landlord, entered into the "120 Clay Office Lease" for the premises located at 120 SE Clay Street, Portland, Oregon. The building and premises are commonly referred to as "Skylight." At the time Simple and 120 Clay entered into this lease, construction of the Skylight building had not yet been completed.

10. Nova and Skylight are adjacent buildings within the commercial development commonly referred to as "The Electric Blocks" in Portland, Oregon.

11. Section 1.6 of the lease between Simple and 240 Clay on the Nova property allows the tenant to terminate the lease so long as the tenant "is not in default of the Lease," and if the tenant "has continuously occupied all or any portion of the Premises." In the event those conditions precedent are satisfied, then the lease permits the tenant to terminate the lease "at any time after the ninetieth (90th) month following the Occupancy Commencement Date ('Early Termination Notice Date') by delivering a written termination notice to Landlord ('the Early

Termination Notice'.)" Section 1.5 of the lease between Simple and 120 Clay on the Skylight property contains functionally identical terms.

12. Both the Nova and Skylight leases contain the following provisions in section 10 of their respective leases: "no prior written consent of a landlord shall be required for any assignment or sublease with: (i) an entity into or with which Tenant is merged or consolidated or with an entity to which all or substantially all of Teant's assets are transferred, . . . or (ii) any entity which is a parent, subsidiary or affiliate of Tenant. The entities described in clauses (i) and (ii) above are each herein referred to as a 'Permitted Transferee.'"

13. Section 17 of both the leases has an attorney fee clause that provides in part: "In any litigation arising out of this Lease, including any bankruptcy proceedings, the prevailing party shall be entitled to recover reasonable attorney fees at trial and on any appeal or petition for revise. If Landlord incurs attorney fees because of a default by Tenant, Tenant shall pay all such fees whether or not litigation is filed." The prevailing party attorney fee provisions in both leases are identical.

14. Section 22.10 of each lease waives the parties' rights to a jury trial.

15. On June 8, 2016, Simple entered into a Memorandum of Lease with 240 Clay for the Nova property. This document acknowledged that Simple and 240 Clay had entered into a lease on November 4, 2015. It also confirmed that May 9, 2016 was the Commencement Date for the underlying lease, and that November 30, 2026 was the Lease Expiration Date at that time. The Commencement Date is the date from which the 90 months is calculated for purposes of determining the earliest date on which Simple might terminate the lease. At the time Simple and 240 Clay entered into this Memorandum of Lease, the building at 240 Clay had been entirely constructed and tenant had accepted possession of the leased premises.

16. Similarly, on April 16, 2018 Simple entered into a Memorandum of Lease with 120 Clay for the Skylight property. This document acknowledged that Simple and 120 Clay had entered into a lease on February 29, 2016. It also confirmed that March 9, 2018 was the Occupancy Commencement Date for the underlying lease, and that September 30, 2028 is the Lease Expiration Date. The Commencement Date is the date from which the 90 months is calculated for purposes of determining the earliest date on which Simple might terminate the lease. At the time Simple and 120 Clay entered into this Memorandum of Lease, the building at 120 Clay had been entirely constructed and Simple had accepted possession of the leased premises.

17. On August 3, 2018, Simple and 240 Clay entered into a Confirmation of Lease Term – 240 Clay. This document acknowledged the prior lease and Memorandum of Lease between Simple and 240 Clay. This Confirmation of Lease also provided that the Expiration of Lease for the Nova property is September 30, 2028. Thus, after the parties executed this Confirmation of Lease, September 30, 2028 was and is the agreed Expiration Date for both the Nova and Skylight leases.

18. Upon information and belief, at the time Simple entered into the Nova and Skylight leases, the Memoranda of Lease with 120 Clay and 240 Clay, and the Confirmation of Lease with 240 Clay, Simple was a subsidiary of BBVA USA and BBVA USA was a subsidiary of the Spanish bank Bankco Bilbao Vizcaya Argenaria, S.A. Simple was identified as the tenant in each of those agreements identified herein with 120 Clay and 240 Clay. Neither BBVA USA nor BBVA was a party or signatory to any of these agreements.

**(The SNDAs and Estoppel Certificates)**

19. On January 7, 2020, Simple executed estoppel certificates for both the Nova and Skylight properties. These documents did not address any ostensible termination rights under the leases.

20. On January 9, 2020, Simple entered into a SNDA with 120 Clay. That document contains the following provision:

> 4. **Covenants.** <mark>With respect to the assignment of the Lease by Borrower to Lender pursuant to the Mortgage,</mark> Tenant shall pay all rent and perform all obligations under the Lease to Borrower until Tenant receives written notice from Lender, in which event Tenant agrees to pay all rent and to perform all obligations under the Lease directly to and for the benefit of Lender or such other party as Lender directs in such notice, and Borrower authorizes Tenant to do so in accordance with the instructions of Lender. Borrower agrees that such payment and performance to and for the benefit of Lender shall satisfy Tenant's obligations under the Lease. Tenant agrees that Lender assumes no obligations under the Lease by virtue of the assignment of the Lease by Borrower to Lender pursuant to the Mortgage or other loan document and that Lender shall not become liable for any obligations under the Lease until Lender acquires title to the Property as a Foreclosure Transferee at a Foreclosure Transfer. <mark>As long as the Mortgage shall encumber the Property:</mark>
>
> (a) Tenant shall not pay any rent under the Lease more than one (1) month in advance.
>
> (b) <mark>Tenant shall not</mark> amend, modify or <mark>terminate</mark> (except upon default or breach by Borrower, after giving Lender written notice and opportunity to cure pursuant to this Agreement) <mark>the Lease without the prior written consent of Lender.</mark>

Thus, section 4 of the SNDA between Simple and 120 Clay provides that as long as 120 Clay has a mortgage on the property, the Tenant "shall not . . . terminate . . . the Lease without prior written consent of Lender."

21. On the same day, January 9, 2020, Simple entered into a SNDA with 240 Clay and Lender. That document contains language that is identical to the language referenced in the preceding paragraph. Thus, under both SNDAs, Simple, as the tenant, is prohibited from terminating either the Nova or the Skylight lease without prior written consent of Lender.

Page 6 - PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

22. Both SNDAs contain a paragraph 6 that provides that to the extent there is any inconsistency between the leases, the terms of the SNDAs control:

> 6. **Miscellaneous**. This Agreement shall be governed by and construed in accordance with the laws of the State of Oregon. If there is any conflict or inconsistency between this Agreement and the Lease, this Agreement shall control. This Agreement may be executed in counterparts, each of which shall be an original but all of which together shall constitute this Agreement. This Agreement shall bind and inure to the benefit of Borrower, Lender and Tenant and their respective successors and assigns.

Paragraph 6 in each of the SNDAs further confirms that regardless of any other provision in any other agreement between the parties, under paragraph 4 of the SNDAs, the tenant does not have a right to terminate the leases without prior written consent from the holder of the mortgages on the Skylight and Nova properties.

**(PNC)**

23. Upon information and belief, on about October 8, 2021, BBVA USA, along with its subsidiary Simple, was sold to defendant PNC. Under the Leases' definition of "Permitted Transferee" as quoted in paragraph 12 above, this merger may have qualified PNC as a "Permitted Transferee" under both the Nova and Skylight leases.

24. Simple shut down its operations in or around May 2021 and neither Simple nor PNC have continuously occupied all or any part of either leased premises since that time.

25. On January 4, 2024, PNC sent 120 Clay a letter in which PNC stated that under section 1.5 of the Skylight lease, PNC was electing to terminate the Skylight lease as of September 30, 2025. Also on January 4, 2024, PNC sent 240 Clay a letter in which PNC stated that under section 1.6 of the Nova lease, PNC was electing to terminate the Nova lease as of September 30, 2025. Under the Memorandum of Lease for the Skylight property, and the

Confirmation of Lease for the Nova property, the Expiration of Lease dates for both properties is September 30, 2028, and thus PNC is attempting to terminate each lease three years prematurely.

26. On February 2, 2024, 120 Clay wrote back to PNC. 120 Clay rejected PNC's attempt to terminate the lease early, stating that "an early termination is only available if, among other things, the "Tenant has continuously occupied all or any portion of the Premises . . ." (Skylight Lease § 1.5.) This condition has not been met. Accordingly, Landlord rejects PNC's early termination." On the same day, 240 Clay sent a functionally identical letter to PNC rejecting PNC's attempt to terminate the Nova lease prematurely.

27. On May 24, 2024, 120 Clay and 240 Clay wrote again to PNC with a copy of the Complaint for Declaratory Judgment. In this letter, Plaintiffs again rejected PNC's attempt to terminate the leases prematurely, stating:

> Additionally, PNC Bank has no right to terminate the leases per the terms of the Subordination, Nondisturbance and Attorney Agreements signed by Simple Finance Technology Corp. ("SNDAs"), dated January 9, 2020, as PNC Bank's predecessor. Among other things, the SNDAs provide that *"Tenant shall not . . . terminate . . . the Lease without prior written consent of Lender."* We have no basis to believe that tenant has sought or received lender consent to terminate either lease.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief – Count 1 -- Failure of Condition Precedent)**

28. Plaintiffs repeat and reallege each of the allegations contained in the paragraphs above as if fully set forth herein.

29. Sections 1.5 and 1.6 of the respective leases prohibit the Defendant from prematurely terminating the lease when it has not continuously occupied the buildings. PNC has

not demonstrated that it satisfied this condition precedent of continuous occupancy on either the Skylight or the Nova leases, and this condition precedent to early termination has failed.

30. Defendant does not have a right to terminate either the Skylight or the Nova leases before the Expiration dates of September 30, 2028, which applies to both leases.

31. Because Defendant does not have a right to terminate the leases early under sections 1.5 and 1.6 of the Skylight and Nova leases, respectively, Defendant is contractually obligated to continue to pay rent under both leases until the Expiration Date of September 30, 2028.

32. This dispute between Plaintiffs and Defendant presents an actual controversy within the meaning of 28 U.S.C. § 2201 that can be remedied by this Court.

33. Plaintiffs have a right to recover their reasonable attorney fees incurred in prosecuting this action under section 17 of the leases.

**(Declaratory Relief – Count 2 -- SNDAs)**

34. Plaintiffs repeat and reallege each of the allegations contained in the paragraphs above as if fully set forth herein.

35. Section 4(d) of the SNDAs prohibits Defendant from prematurely terminating the leases without the written permission of the mortgage lender. This condition precedent has not been satisfied.

36. Because Defendant does not have a right to terminate the leases early under the SNDA's for the Skylight and Nova leases, respectively, Defendant is contractually obligated to continue to pay rent under both leases until the Expiration Date of September 30, 2028.

37. This dispute between Plaintiffs and Defendant presents an actual controversy within the meaning of 28 U.S.C. § 2201 that can be remedied by this Court.

38. Plaintiffs have a right to recover their reasonable attorney fees incurred in prosecuting this action under section 17 of the leases.

## PRAYER FOR RELIEF

Plaintiffs 120 Clay Development, LLC and 240 Clay Development, LLC respectfully request the following relief:

1. With respect to the Nova and Skylight leases: A declaration that Defendant PNC does not have a contractual right to terminate the leases early because the leases require continuous occupation of the property by Tenant, which is a condition precedent that has not been satisfied;

2. With respect to the SNDAs: A declaration that Defendant PNC has no right to terminate the leases early because, while the mortgage is still in place, section 4(d) of the SNDAs prohibit Defendant from terminating the leases without first obtaining written permission of the mortgage lender, which is a condition precedent that has not been satisfied;

3. That Plaintiffs be awarded attorney fees, costs, disbursements, and interest, pursuant to the prevailing party attorney fee clauses in the leases; and

4. For any other or further relief that the Court deems just, proper, and equitable.

DATED: May 24, 2024.     MARKOWITZ HERBOLD PC

*s/ Kerry J. Shepherd*
Kerry J. Shepherd, OSB #944343
KerryShepherd@MarkowitzHerbold.com
Paul S. Bierly, OSB #950548
PaulBierly@MarkowitzHerbold.com
*Attorneys for Plaintiffs 120 Clay Development, LLC and 240 Clay Development, LLC*

2146226